JOHN W. HUBER, United States Attorney (#7226)
JAMIE THOMAS, Assistant United States Attorney (#9420)
KARIN M. FOJTIK, Assistant United States Attorney (#7527)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682



FILED
S. DISTRICT COURT
2019 OCT -2  A 10: 51
DISTRICT OF UTAH

SEALED

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, NORTHERN DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. LOREN M. OKAMURA, Defendant. | INDICTMENT<br><br>VIOS: Counts 1 and 2, 18 U.S.C. § 2261A(2) (Cyberstalking); Count 3, 18 U.S.C. § 875(c) (Interstate Threats); Counts 4 and 5, 18 U.S.C. § 2421(a) (Transportation for Prostitution)<br><br>Case: 1:19-cr-00100<br>Assigned To : Waddoups, Clark<br>Assign. Date : 10/2/2019<br>Description: |
|---|---|

The Grand Jury Charges:

## COUNT 1
Cyberstalking
(18 U.S.C. § 2261A(2))

Beginning on a date unknown in 2018 and continuing through August, 2019, in the Northern Division of the District of Utah,

**LOREN M. OKAMURA,**

with the intent to injure, harass, and cause substantial emotional distress to a person in another state, namely, Utah, used facilities of interstate or foreign commerce, including mobile phone applications and other forms of electronic communication, to engage in a

course of conduct that caused substantial emotional distress to the victim, Person A, and placed Person A in reasonable fear of death or serious bodily injury; or attempted to do so, all in violation of 18 U.S.C. § 2261A(2).

## COUNT 2
Cyberstalking
(18 U.S.C. § 2261A(2))

Beginning on a date unknown in 2018 and continuing through August, 2019, in the Northern Division of the District of Utah,

LOREN M. OKAMURA,

with the intent to injure, harass, and cause substantial emotional distress to a person in another state, namely, Utah, used facilities of interstate or foreign commerce, including mobile phone applications and other forms of electronic communication, to engage in a course of conduct that caused substantial emotional distress to the victim, Person B; or attempted to do so, all in violation of 18 U.S.C. § 2261A(2).

## COUNT 3
Interstate Threats
(18 U.S.C. § 875(c))

In May 2019, in the Northern Division of the District of Utah,

LOREN M. OKAMURA,

knowingly and willfully did transmit in interstate and foreign commerce from the State of Hawaii to the State of Utah, a communication to Person A to, cause injury to Person A and Person A's family, the communication contained a threat to injure Person A,

specifically that Person A should, "sleep with one eye open and keep looking over your shoulder you crazy bitch we are coming for you and your dumbass daddy and crazy ass mommy." The communication further stated, "You should just kill yourself and do your family a favor already;" and attempted to do so, all in violation of 18 U.S.C. § 875(c).

## COUNT 4
Transportation of Individual to Engage in in Prostitution
(18 U.S.C. § 2421(a))

In June 2018, in the Northern Division of the District of Utah,

LOREN M. OKAMURA,

knowingly transported Person A in interstate commerce, from Utah to Hawaii, with the intent that Person A engage in prostitution and sexual activity for which a person may be charged with a criminal offense, and aided and abetted such conduct, and attempted to do so, all in violation of 18 U.S.C. § 2421.

## COUNT 5
Transportation of Individual to Engage in in Prostitution
(18 U.S.C. § 2421(a))

In July 2018, in the Northern Division of the District of Utah,

LOREN M. OKAMURA,

knowingly transported Person A in interstate commerce, from Utah to Hawaii, with the intent that Person A engage in prostitution and sexual activity for which a person may be charged with a criminal offense, and aided and abetted such conduct, and attempted to do

//

3

so, all in violation of 18 U.S.C. § 2421.

A TRUE BILL:

/s/
_____
FOREPERSON OF GRAND JURY

JOHN W. HUBER
United States Attorney

*Jamie Thomas*
_____
KARIN M. FOJTIK
JAMIE Z. THOMAS
Assistant United States Attorneys